**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>        Plaintiff,<br>    v.<br>JOHN DOE,<br><br>        Defendant. | Case No. 2:12-cv-6637-ODW(JCx)<br><br>**ORDER DISMISSING CASE** |

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days after the complaint is filed, or else the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). This action commenced on August 1, 2012.

On December 20, 2012, the Court ordered Plaintiff to show cause why it failed to timely serve the Defendant; or if the Defendant has already been served, to submit the proof of service. (ECF No. 16.)

In response, Plaintiff noted that the delay was because it lacked the means to identify John Doe. (ECF No. 17.) Without early discovery and without the cooperation of the responsible ISP, Plaintiff argues that it could not proceed in this case with just an IP address. Plaintiff also contends that the 120-day service deadline should not serve as an outer limit, but rather as a guideline. *Henderson v. United States*, 517 U.S. 654, 661 (1996).

If a plaintiff shows good cause for the delay, the court must extend the time for service. Fed. R. Civ. P. 4(m). And a court has discretion to extend the time for

service even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Nevertheless, that discretion is not limitless. *See id.* at 1041.

Here, the Court finds that Plaintiff's technological problem of identifying John Doe does not suffice for good cause. First, the Court is not convinced that that there is no way of identifying John Doe through an IP address other than obtaining ISP subscriber information—Plaintiff has presented nothing but argument suggesting that it is so. Second, as outlined in the Court's October 19, 2012 Order vacating early discovery orders, it is dubious whether Plaintiff will be able to identify the actual infringer even if Plaintiff is given the subscriber information for the IP address—in other words, the actual infringer may not be the subscriber, but rather someone else. And third, possession of nothing other than an IP address alone suggests the lack of a good faith basis to bring a copyright infringement lawsuit. *See e.g.*, Fed. R. Civ. P. 11(b)(2), (3).

Upon review the docket and the circumstances of this case, the Court concludes that this delay stems from either Plaintiff's lack of diligence, or its impatience in rushing to the courthouse. Plaintiff filed its Complaint 176 days ago. Given that passage of time and the lack of good cause, the Court finds no reason to extend the 120-day limit for service under Rule 4(m).

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 25, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**